UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY ARMSTRONG, INDIVIDUALLY; CAROLYN ARMSTRONG, INDIVIDUALLY<br>    Plaintiffs,<br><br>v.<br><br>3M COMPANY a/k/a MINNESOTA MINING & MANUFACTURING COMPANY, et al.,<br>    Defendants. | Case No. 2:14-CV-01039-WGY-AJW<br><br>ORDER GRANTING DEFENDANT ROCKWELL AUTOMATION, INC.'s MOTION FOR SUMMARY JUDGMENT [ECF NO. 184] |
| YOUNG, D.J.[1] | April 9, 2015 |
| | ORDER |

At a motion session on March 6, 2014, this Court heard argument on Rockwell Automation, Inc.'s Motion for Summary Judgment. Elec. Clerk's Notes, Mar. 6, 2015, ECF No. 303. The matter was taken under advisement in anticipation of supplemental briefing from the parties.

I. **INTRODUCTION**

In this action, Larry Armstrong and Carolyn Armstrong bring suit to recover for injuries inflicted upon Larry Armstrong ("Armstrong") due to his alleged exposure to asbestos stemming from Defendant Rockwell Automation Inc.'s ("Rockwell") products.

---

[1] Of the United States District Court for the District of Massachusetts, visiting judge for pre-trial purposes by order of Chief Judge George H. King. See Order Chief Judge, May 1, 2014, ECF No. 99.

1

Currently before this Court is Rockwell's motion for summary judgment. Def. Rockwell's Mot. Summ. J. ("Rockwell Mot."), ECF No. 184.

## A. Procedural Background

Armstrong initially filed his complaint in California state court on January 7, 2014. Compl. Personal Injury – Asbestos (Negligence; Breach of Express and Implied Warranties; Strict Liability & Loss Consortium), Ex. B, ECF No. 1. Armstrong asserted claims based on negligence, strict liability, and breach of warranty. Id. In addition, Carolyn Armstrong brought a loss of consortium claim. Id. Rockwell timely removed the case to the Central District of California on February 10, 2014, on federal officer grounds. Def. Rockwell's Not. Removal, ECF No. 1. Plaintiffs filed an Amended Complaint on April 14, 2014. Compl. Personal Injury – Asbestos (Negligence; Breach of Express and Implied Warranties; Strict Liability & Loss Consortium), ECF No. 96.

Rockwell filed a motion for summary judgment, along with a supporting memorandum, on December 22, 2014. Def. Rockwell's Mot. Summ. J. ("Rockwell Mot."), ECF No. 184. Plaintiffs filed their opposition on January 12, 2015. Pls.' Mem. Points & Auths. Opp'n Def. Rockwell's Mot. Summ. K. ("Pls.' Opp'n Rockwell"), ECF No. 187. Rockwell replied on January 27, 2015.

Def. Rockwell's Reply Supp. Mot. Summ. J. ("Rockwell Reply"), ECF No. 215.

Both parties filed supplemental briefing after the March 6, 2015 hearing on Rockwell's motion for summary judgment. See Def. Rockwell's Supp. Brief Supp. Mot. Summ. J., ECF No. 304; Pls.' Supp. Opp. Rockwell's Mot. Summ. J., ECF No. 305.

## II. ANALYSIS

### A. Standard of Review

A court must grant summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If sufficient evidence exists such that a trier of fact could find for the non-moving party, an issue of fact is "genuine." Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). If a fact will affect the outcome of the case, the fact is "material." Id.

The burden is on the moving party to demonstrate that no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "If . . . a moving party carries its burden of production, the nonmoving party must produce evidence to support its claim or defense. If the nonmoving party fails to produce enough evidence to create a genuine issue of material fact, the moving party wins the motion for summary judgment." Nissan Fire & Marine Ins. Co., Ltd. v.

Fritz Cos., Inc., 210 F.3d 1099, 1102 (9th Cir. 2000) (internal citation omitted) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)).

All justifiable inferences should be drawn in favor of the non-movant. Anderson, 477 U.S. at 255. However, the court must disregard all evidence upon which a party bears the burden of proof, which the jury is free to reject, unless the facts are admitted by both parties. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 151 (2000). Further, the court may consider only admissible evidence and must disregard conclusory or speculative testimony. Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007); see Orr v. Bank of Am., NT & SA, 285 F.3d 764, 774 (9th Cir. 2002).

The California Supreme Court established the "controlling two-part test for determining whether exposure to asbestos from a particular product was a legal cause of a plaintiff's injury in an asbestos-induced personal injury case." Sclafani v. Air & Liquid Sys. Corp., No. CV 12-3013 SVW, 2014 WL 1613912, at *2 (C.D. Cal. Apr. 17, 2014) (Wilson, J.) (quoting Miranda v. Bomel Const. Co., 187. Cal. App. 4th. 1326, 1338 (2010)). The plaintiff must first establish a threshold exposure to defendants' asbestos-containing products. Rutherford v. Owens-Illinois, Inc., 16 Cal. 4th 953, 982 (1997). The plaintiff must further establish that exposure to defendants' asbestos-

4

containing products was a substantial factor in causing the injury. Id.

"Plaintiffs [bear] the burden of proof on the issue of exposure to the defendant's product." Rutherford, 16 Cal. 4th at 975. Mere speculation or possibility of exposure is insufficient to demonstrate a triable issue of fact. McGonnell v. Kaiser Gypsum Co., 98 Cal. App. 4th 1098, 1105 (2002) (rejecting testimony that plaintiff might have cut into wall that might have contained asbestos-containing product is insufficient evidence). The sufficiency of evidence of exposure depends on the factual circumstances of each case. Casey v. Perini Corp., 206 Cal. App. 4th 1222, 1237 (2012).

At the very least, "there must be proof that the defendant's asbestos products or activities were present at the plaintiff's work site." Nelson v. Air & Liquid Sys. Corp., 926 F. Supp. 2d 1120, 1124-25 (C.D. Cal. 2013) (quoting Smith v. ACandS, Inc., 31 Cal. App. 4th 77, 89 (1994)). Testimony that plaintiff worked with defendant's asbestos-containing product can satisfy plaintiff's burden. See, e.g., Lineaweaver v. Plant Insulation Co., 31 Cal. App. 4th 1409, 1419-20 (1995)(evidence that defendant distributed asbestos-containing product to workplace and plaintiff repeatedly worked around asbestos insulation sufficient to avoid summary judgment); Hernandez v. Amcord, Inc., 215 Cal. App. 4th 659, 673-74 (2013) (testimony

5

that plaintiff used product "'a lot of times,' or 'all the time'" is sufficient).

Plaintiff must do more than demonstrate that he was exposed to defendant's products which, in general, contained asbestos. Bell v. Arvin Meritor, Inc., MDL No. 875, No. 2:12-60143-ER, 2013 WL 5549540, at *1 n.1 (E.D. Pa. Oct. 4, 2013)(applying California law)(holding evidence that plaintiff was exposed to defendant's products, some of which may have contained asbestos components, insufficient to identify exposure to asbestos-containing product). Plaintiff must demonstrate exposure to defendant's products, as well as evidence that the specific products he was exposed to contained asbestos. See Rutherford, 16 Cal. 4th at 975.

### B. Exposure Application

Armstrong testified that Allen-Bradley was one of the four brands of motor controllers that he worked on during his time as a Navy electrician. Armstrong knew he was working on an Allen-Bradley motor controller because the logo was a "stop-sign shape with 'AB' in the middle of it." Union Carbide Mot. Summ. J., Ex. H, Larry Armstrong Deposition ("Armstrong Dep.") 56:6-9, ECF No. 163-10. Armstrong recognized the logo to mean "the brand that produced" the product. Id. at 54:19-20.

Defendant Rockwell is the successor to Allen-Bradley Company and Rostone Corporation. Pls.' Opp'n. Rockwell, Ex. B,

Def. Rockwell's Supplemental Responses to Pls.' Standard Interrog. (In re: Complex Asbestos Litigation) 4, ECF No. 187-4. Rostone became a wholly owned subsidiary of Allen-Bradley in 1964 and merged with Allen-Bradley in 1978. Id. Rostone manufactured "cold-molded" electrical components starting in the 1930s. Pls.' Opp. Rockwell, Ex. C, Charles Germain Deposition ("Germain Dep.") (Whitmire v. Laval) 112:10-16, ECF No. 187-5. All cold-molded materials sold by Rostone through August 1980 contained asbestos. Id. at 113:16-24.

From the 1960s to 1980, Allen-Bradley manufactured some brands of motor starters and motor controllers with asbestos-containing arc chutes sold by Rostone. Pls.' Opp. Rockwell, Ex. R, Stanley Ho Dep. (Vernon v. 3M Company) 112:3-114:15, ECF No. 187-20. Allen-Bradley motor controllers were mounted on slate or metal plates, not in asbestos-containing Bakelite. Rockwell Mot., Ex. C, Engineers Report Prepared by Peter F. Coste ("Coste Report") 1-5, ECF No. 184-5; Rockwell Mot., Ex. E, McCaffery Historical Research Report 1-26, ECF No. 184-7; Rockwell Mot., Ex. F, Declaration of Stan Ho (Bell v. Borg-Warner), ECF No. 184-8.

Other motor controller manufacturers previously involved in this action also purchased asbestos-containing components from Rostone. Rostone was the only known supplier of asbestos-containing cold-molded arc chutes and shields to Cutler-Hamer

7

between 1940 and 1980.  Pls.' Opp. Rockwell, Ex. D, Fred Boness Deposition ("Boness Dep.") (In re: Hawaii State Asbestos Cases) 47:9-51:6, ECF No. 187-6.  Westinghouse and Square D also incorporated Rostone's asbestos-containing materials into motor controllers.  See Pls.' Opp'n. Rockwell, Ex. E, Robert Barbaglia Dep. (Riley v. Alcoa) 103:18-104:4, 121:13-23, ECF No. 187-7; Ex. O, Defendant CBS Corp.'s Responses to Standard Interrog. ("CBS Resp. Interrog.") (Fox v. ABB Inc.) 5, ECF No. 187-17.

On the issue of exposure, Rockwell first argues that Armstrong could not have been exposed to an asbestos-containing Allen-Bradley product because Allen-Bradley was not an authorized provider of asbestos-containing products to the Navy.  Rockwell Mot. 2.  The parties have introduced disputing expert testimony as to whether a product not on the Navy's "Qualified Products List" ("QPL") could have been on a Navy ship.  Rockwell's expert states that strict conformance to Navy and Military Specifications was mandatory for ship repair parts.  Coste Report 4.  Plaintiff's expert, on the other hand, stated that the QPL was a list of pre-qualified products, but other products could be used and the QPL was more of a guideline than a rule.  Pls.' Opp'n. Rockwell, Ex. U, Rebuttal Expert Report of Francis Burger 17-22, ECF No. 187-23.

With all inferences made in favor of the Plaintiffs, there is a question of material fact as to whether Armstrong was

exposed to a Rockwell product. There is evidence in the record that some Allen-Bradley motor controllers included asbestos-containing materials such as arc chutes and shields. See Ho Dep. 112:3-114:15. There is no evidence in the record, however, that the Allen-Bradley motor controllers Plaintiff inspected, repaired, or replaced contained asbestos-containing material. Further, even though there is evidence that other motor controller manufacturers purchased asbestos-containing components from Rostone, Plaintiff presents no evidence that the motor controllers he worked on contained or were likely to contain asbestos-containing arc chutes or shields manufactured by Rostone. See Boness Dep. 47:9-51:6; Barbaglia Dep. 103:18-104:4, 121:13-23; CBS Resp. Interrog. 5.

Armstrong testified to inhaling dust when he "blew out" the motor controller and electrical boxes, but only specifically testified to seeing Bakelite "turn to dust" and fall into the box. See Armstrong Dep. 87:20-88:4, 92:16-22, 122:1-3. He did not testify to other components, such as arc chutes and shields, creating dust. There is plentiful evidence in the record that Allen-Bradley controllers did not use Bakelite backboards after 1937. See Coste Report 1-5, ECF No. 184-5; Rockwell Motion, Ex. E McCaffery Historical Research Report 1-26, ECF No. 184-7; Rockwell Mot., Ex. F Declaration of Stan Ho (Bell v. Borg-Warner), ECF 184-8. Plaintiffs' only rebuttal is that Armstrong

9

recalls all brands of motor controllers, including Allen-Bradley motor controllers, having Bakelite backboard. See Armstrong Dep. 56:23-57:3. If a third-party affixed or replaced parts of an Allen-Bradley motor controller with Bakelite sheets or backboards, Defendant Rockwell Automotive would not be liable for these third-party products. See O'Neil v. Crane Co., 53 Cal.4th 335, 347-66 (2012).

Accordingly, since - taking all inferences in favor of Armstrong - there is no genuine issue of material fact as to whether Plaintiff was exposed to asbestos-containing material manufactured by Rockwell Automotive, this Court GRANTS summary judgment on this ground.

### III. CONCLUSION

For the foregoing reasons, this Court GRANTS Rockwell's motion for summary judgment.

**SO ORDERED.**

/s/ William G. Young
WILLIAM G. YOUNG
DISTRICT JUDGE